IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIYOSHI ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-1287 |
| | : | |
| BERNICE NELSON | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                           **July 1, 2025**

Pursuant to 42 U.S.C. § 1983, Plaintiff Miyoshi Allen alleges violations of her constitutional rights and related state law claims arising from conduct engaged in by Defendant Bernice Nelson, who is alleged to be Allen's landlord. Because Allen is unable to pay the fees to commence this civil action, the Court will grant Allen leave to proceed *in forma pauperis*. The Court will dismiss her constitutional claim with prejudice for failure to plausibly allege Nelson is a state actor or acting under color of law. The Court will dismiss Allen's state law claims, albeit without prejudice, for failure to allege sufficient facts to plausibly claim breach of contract or breach of warranty of habitability.

I.    **FACTUAL ALLEGATIONS**[1]

Allen's allegations are brief. She asserts that she has been living in leased premises for more than three years without benefit of a written contract reflecting the terms of the lease, and that her landlord has failed to maintain the premises, requiring Allen to make repairs herself. Compl. at 4, 6. With respect to the failure to reduce the lease terms to writing, Allen alleges she learned in February 2025 that a written lease is required when the term of the lease exceeds three

---

[1]    The factual allegations are taken from Allen's Complaint (ECF No. 1). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Allen's pleadings are corrected for clarity.

years.  *Id*. at 4.  She has been living in the premises at issue for more than five years.  *Id*.  She

includes language that appears to describe the requirement of a writing in legal terms, *see id*. at 5,

but does not provide a reference for the language.[2]  She claims that she has requested that Nelson

sign a written lease, but it appears that her requests have been unsuccessful.  *Id*. at 6.

      With respect to Nelson's alleged failure to maintain the premises, Allen alleges she has

lived there since 2018, and Nelson has failed to "fix up" the property while she has lived there,

leaving Allen to "keep[ ] the property up and . . . get everything renewed, because of the condition

that it was in."  *Id*.  She further alleges she cannot afford to pay bills related to the property because

of Nelson's failure to maintain it.  *Id*.  She also alleges she has been receiving requests for

undisclosed sums from Nelson, though it is unclear what these sums are for.  *Id*. at 4.

      Allen claims she has experienced a "mental injury" as a result of her situation and the Court

understands her to be describing anxiety or emotional distress.  *Id*. at 6.  She asserts a Fourteenth

Amendment due process claim, a state law claim arising under the Landlord and Tenant Act, and

a claim for breach of contract.[3]  *Id*. at 3, 4.  She seeks money damages.  *Id*. at 6.

## II.    STANDARD OF REVIEW

      The Court will grant Allen leave to proceed *in forma pauperis* because it appears that she

is incapable of paying the fees to commence this civil action.  Because she is proceeding in forma

pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to

---

[2]     Allen copies language that appears to come from Pennsylvania's Landlord and Tenant Act of 1951, 68 Pa. Stat. and Cons. Stat. §§ 250.202 and 250.203, that reflect: the requirement that leases of more than three years be in writing; the effects of not creating a written lease; and the requirement that the assignment, grant, or surrender of a lease be in writing.  *See id.* and *see infra*, Section III.B.4.  The nature of any claim Allen seeks to assert under the Act is unclear.

[3]     In her Complaint, Allen refers specifically to 42 Pa. Stat. and Cons. Stat. § 5525, which describes causes of action subject to a four-year limitations period under Pennsylvania law. Compl. at 3. These include a variety of contract-based actions. The Court infers that Allen invoked the statute because she seeks to asserts a breach of contract claim against Nelson.

state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). This standard requires a court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations marks omitted). At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Allen is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*; s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

## III.    DISCUSSION

### A.    Section 1983 Claim

Allen asserts a Fourteenth Amendment due process claim. Compl. at 3. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Allen's due process claim based on Nelson's conduct in her capacity as Allen's landlord is not plausible because Nelson is not a state actor. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).

Allen asserts in conclusory fashion that Nelson, in her capacity as Allen's landlord, acted under color of state law. Compl. at 4. Whether a defendant is acting under color of state law— i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotation marks omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the

specific conduct of which the plaintiff complains.'"  *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Allen has not alleged facts to support a plausible conclusion that Nelson's conduct satisfies any of the foregoing tests, and nothing in her Complaint suggests any factual or legal basis for concluding that she is a state actor subject to liability under §1983.  *See, e.g.*, *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *4 (E.D. Pa. Apr. 20, 2021 ) (dismissing § 1983 claim on statutory screening with prejudice because private individuals and entities involved in property rental are not state actors); *Benford v. Smith*, No. 04-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords, even ones participating in the Department of Housing and Urban Development's Section 8 housing program, are not considered state actors and thus cannot be liable under § 1983).  Accordingly, Allen's constitutional claim against Nelson will be dismissed because she has not plausibly alleged Nelson is a state actor or was acting under color of state law. No leave to amend will be granted because any attempt to amend this claim would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

### B.    Breach of Contract Claim

The Court understands Allen to be asserting a breach of contract claim based on Nelson's failure to maintain the property at issue.[4]  As pled, this claim is not plausible.

---

[4]      Under 28 U.S.C. § 1332(a), a district court has jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Allen has provided an address for herself in Pennsylvania and an

"In Pennsylvania, a breach of contract claim has three elements: '(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.'" *Puente v. Navy Fed. Credit Union*, No. 25-0417, 2025 WL 408677, at *4 (E.D. Pa. Feb. 5, 2025) (dismissing without prejudice *pro se* litigant's breach of contract claim where the complaint did not state essential terms of contract or manner in which it was breached) (quoting *CoreStates Bank, Nat'l Assn. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). While the Court understands Allen to be alleging that a contract exists between her and Nelson pertaining to the lease of the real property at issue, she does not allege its essential terms, and does not allege how Nelson breached those terms. *See* Compl. Although she alleges that Nelson failed to "fix up" the property, she does not allege that Nelson was contractually obligated to do so. In short, the Complaint does not include sufficient facts upon which to conclude that this claim is plausible. Accordingly, Allen's breach of contract claim will be dismissed without prejudice and she will be granted leave to file an amended complaint to "flesh out [her] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [her] claim." *See Davis v. Internal Revenue Serv.*, No. 21-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022). Specifically, if she opts to amend, Allen must state the essential terms of her contract with Nelson,

---

address for Nelson in Maryland, and she seeks damages in excess of $75,000. Compl. at 2, 6. An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344. Should Allen file an amended complaint as the Court will permit, she must allege the domiciles of the parties to meet her burden of demonstrating that the Court may exercise subject matter jurisdiction over her state law claims.

facts about how she allegedly breached the terms of the contract, and any damages Allen has sustained as a result.

C.    **Breach of Warranty of Habitability**

Construed liberally, Allen may be seeking to pursue a claim against Nelson based on Nelson's failure to maintain the residential property.  "'In Pennsylvania, it is well-settled that landlords owe a duty to protect tenants from injury or loss arising out of a negligent failure to maintain a rental property in a safe condition.'"  *Lloyd v. Manbel Devco I LP*, No. 23-2261, 2025 WL 686079, at *8 (E.D. Pa. Mar. 4, 2025) (quoting *N'Jai v. Bentz*, No. 13-1212, 2016 WL 7404550, at *9 (W.D. Pa. Dec. 22, 2016).  To state a claim for breach of the implied warranty of habitability, "a tenant must prove he or she gave notice to the landlord of the defect or condition, that he (the landlord) had a reasonable opportunity to make the necessary repairs, and that he failed to do so." *N'Jai,* 2016 WL 7404550, at *9 *(*quoting *Pugh v. Holmes*, 405 A.2d 897, 906 (Pa. 1979)).  Of note, the implied warranty of habitability "is designed to ensure that a landlord will provide facilities and services vital to the life, health, and safety of the tenant and to the use of the premises for residential purposes." *Pugh*, 405 A.2d at 905.  Moreover, "[i]mplied warranties are generally not favored by law and are construed narrowly.'" *Lloyd*, 2025 WL 686079, at *18 (quoting *Rhone Poulenc Rorer Pharm. v. Newman Glass Works*, 112 F.3d 695, 697 (3d Cir. 1997) (granting summary judgment to defendants on *pro se* plaintiff's claim asserting breach of warranty of habitability where conditions complained of did not render her apartment unfit for habitation)

Although Allen alleges Nelson failed to "fix up" the property, it is not clear whether this refers to a failure to perform cosmetic upgrades or a failure to ensure the property was in a safe condition.  Additionally, Allen does not allege she ever told Nelson of any unsafe condition that

Nelson failed to address.  To the extent Allen seeks to pursue a claim based on the implied warranty of habitability, she has not stated a plausible claim.  She will be permitted to amend this claim.

## IV.    CONCLUSION

The Court will grant Allen leave to proceed *in forma pauperis*, dismiss her constitutional claim with prejudice, and dismiss her state law claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Furthermore, the Court will grant Allen leave to file an amended complaint.

An appropriate order follows.


BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.