IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIYOSHI ALLEN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-1287 |
| | : | |
| BERNICE NELSON | : | |

# **ORDER**

AND NOW, this 1st day of July, 2025, upon consideration of Plaintiff Miyoshi Allen's Motion to Proceed *In Forma Pauperis* (ECF No. 8), *pro se* Complaint (ECF No. 1), and Praecipe to Enter Default Judgment (ECF No. 10)—and for the reasons stated in the accompanying memorandum—it is hereby ORDERED:

1. Leave to proceed *in forma pauperis* is GRANTED pursuant to 28 U.S.C. § 1915.

2. The Complaint is DEEMED filed.

3. Allen's Fourteenth Amendment claim is DISMISSED WITH PREJUDICE.

4. Allen's state law claims are DISMISSED WITHOUT PREJUDICE.

5. Allen may file an amended complaint by **July 31, 2025**. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, and shall state the basis for Allen's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case. When drafting her amended complaint, Allen should be mindful of the Court's reasons for dismissing the claims in her initial Complaint, as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so ORDERED by the Court.

6. The Clerk of Court is DIRECTED to send Allen a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Allen may use this form to file her amended complaint if she chooses to do so.

7. If Allen does not wish to amend her Complaint and instead intends to stand on her Complaint as originally pled, she may file a notice with the Court by **July 31, 2025** stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint" and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (citation omitted); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

8. If Allen fails to file any response to this Order, the Court will conclude that Allen intends to stand on her Complaint and will issue a final order dismissing this case.[1] *See Weber*,

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a

939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on their complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

9. Allen's Praecipe to Enter Default Judgment is STRICKEN. This case has not yet been served.

BY THE COURT:

 /s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).