IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MIYOSHI ALLEN,** : | |
| **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-1287** |
| : | |
| **BERNICE NELSON,** : | |
| **Defendant.** : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                                    **October 6, 2025**

Currently before the Court is an Amended Complaint ("AC" (ECF No. 13)) filed by Plaintiff Miyoshi Allen, an unrepresented litigant.[1] The AC asserts constitutional and state law claims against Defendant Bernice Nelson, who is alleged to be Allen's landlord. (*See* AC.) For the following reasons, the Court will dismiss Allen's AC without prejudice for lack of subject matter jurisdiction, but without further leave to amend.

**I.      PROCEDURAL POSTURE AND FACTUAL ALLEGATIONS**[2]

The gravamen of Allen's original Complaint was that she had been living in a rented premises for more than three years without benefit of a written lease contract reflecting the terms of the lease, and that her landlord had failed to maintain the premises, requiring Allen to make repairs herself. *See Allen v. Nelson*, No. 25-1287, 2025 WL 1809997, at *1 (E.D. Pa. July 1, 2025). Allen asserted a Fourteenth Amendment due process claim, a breach of contract claim, and a claim

---

[1] Also pending is Allen's Praecipe for Entry of Default. (ECF No. 14.) The Praecipe will be stricken as premature because this case has not yet been served.

[2] The factual allegations set forth in this Memorandum are taken from Allen's AC (ECF No. 12). The Court adopts the pagination supplied by the CM/ECF docketing system. Where appropriate, grammar, spelling, and punctuation errors in Allen's pleadings will be corrected for clarity.

for breach of the implied warranty of habitability. *Id*. Upon statutory screening, the Court dismissed Allen's constitutional claim with prejudice and dismissed her state law claims without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Id*. at *2-*4. She was granted leave to file an amended complaint to address the deficiencies identified in her state law claims. *Id*. at *3-*4. She was also instructed to "allege the domiciles of the parties to meet her burden of demonstrating that the Court may exercise subject matter jurisdiction over her state law claims." *Id*. at *3 n.4. The AC is ripe for screening.

In her AC, Allen essentially asserts the same facts and does not assert facts to establish the domicile of the parties. She alleges that she has leased the premises in question since 2007, without benefit of a written lease, and that she has cared for the property during that time. (AC at 3.) She further alleges that at an unspecified time, Nelson threatened her with eviction for failure to pay rent. (*Id*.) She claims that she has suffered emotional distress as a result of incurring bills (presumably related to upkeep of the property) and as a result of threats of eviction. (*Id*. at 4.) She also claims she suffered an unidentified physical injury while maintaining the property, requiring treatment with over-the-counter medication. (*Id*.) Additionally, she claims she has suffered damage to her reputation as a result of the condition of the property. (*Id*.) Allen asserts claims for violation of her due process rights, breach of contract, and defamation.[3] (*Id*. at 2.) She seeks money damages.[4] (*Id*. at 4.)

---

[3] Allen refers to 42 Pa. Stat. and Cons. Stat. § 5523, which provides, *inter alia*, that actions for libel, slander and invasion of privacy must be commenced within one year. (AC at 2.) There are no allegations in the AC describing any statements, oral or written, that Nelson made concerning Allen, and, therefore, there appears to be no basis for a claim for reputational damage. However, in light of the Court's disposition of Allen's claims on jurisdictional grounds, it is not necessary to address this additional state law claim further.

[4] Attached to the AC is a written proposal for the comprehensive renovation of Allen's leased property. (AC at 6-7.) The proposal identifies Allen, who appears to be doing business as "Phoenix Property Group LLC" as the client, indicates that all work identified had been completed

## II.     STANDARD OF REVIEW

The Court has already granted Allen leave to proceed *in forma pauperis*, and accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the AC contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* AC as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by, Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As Allen is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.;* s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to

---

as of April 27, 2022, and reflects that "the owner" has made the final payment toward the total sum of $175,000. (*See id*.)  Also attached are photographs of the interior and exterior of a residential property that the Court assumes to be the premises at issue. (*See* AC at 6-17.) Allen does not refer to these exhibits or explain their import in the body of her AC.

identify any possible claim that the facts alleged could potentially support."). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F.4th at 185 (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." *Id.*

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

Allen again asserts a Fourteenth Amendment due process claim, but the Court has already dismissed this claim with prejudice and will not address it further. *See Allen*, 2025 WL 1809997, at *2-*3. Allen again asserts state law claims, but she has not alleged facts establishing the citizenship of the parties as directed in this Court's screening memorandum, which included relevant law advising Allen of her burden of establishing a basis for the exercise of the Court's jurisdiction and instructed her that in order to establish the existence of diversity jurisdiction, she would be required to allege the domicile of each party. *Allen*, 2025 WL 1809997, at *3 n.4. Allen does not allege the domicile of either party in her AC but merely provides addresses for herself

and Nelson. (*See* AC.) As the Court explained, however, "[r]esidence alone is insufficient to establish domicile." *Allen*, 2025 WL 1809997, at *3 n.4 (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely.")). The Court further explained that "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Id.*, quoting *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Allen's failure to allege facts plausibly establishing that the parties are domiciled in different states bars this Court's exercise of diversity jurisdiction over Allen's claims. As Allen has already been given an opportunity to cure the jurisdictional defect in her claims against Nelson and has been unable to do so, the Court concludes that further amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Allen's claims will be dismissed without prejudice for lack of subject matter jurisdiction, but without further leave to amend. She may assert these claims in an appropriate state court forum.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Allen's state court claims for lack of subject matter jurisdiction. She will not be granted leave to further amend her claims, *see*

*Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002), but may assert them in an appropriate state court forum.

An appropriate Order follows.

                                              **BY THE COURT:**

                                              **/s/ Juan R. Sánchez**
                                              **JUAN R. SÁNCHEZ, J.**